ORA P. RANDALL, APPELLANT, V. THOMAS LIAKOS ET AL., APPELLEES.

VICTORIA LIAKOS ET AL., APPELLEES, V. MILO RANDALL ET AL., APPELLEES, IMPLEADED WITH ORA P. RANDALL, APPELLANT.

148 N. W. 2d 204

Filed February 3, 1967. Nos. 36325, 36326.

Atkins, Ferguson & Nichols, for appellant.

Wright, Simmons & Hancock, for appellees Liakos et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and FLORY, District Judge.

FLORY, District Judge.

Involved in these cases is a strip of real estate 29 feet wide on the west and 128 feet wide on the east running west to east across Section 6, Township 21 North, Range 51 West of the 6th P.M. in Morrill County, Nebraska. The record title to this strip is in the appellees Liakos. The appellant Randall has record title to the real estate adjacent to the disputed strip, on the north, and claims title to the disputed area by adverse possession and by acquiescence and acceptance of an alleged boundary under section 34-301, R. R. S. 1943.

The trial court found and decreed in favor of appellees Liakos and against the appellant Randall, quieting title to the disputed strip in the appellees.

The cases are, of course, before this court de novo and while the law requires this court, in determining such an appeal to reach an independent conclusion without reference to the findings of the trial court, this court will, in determining the weight of the evidence, where there is an irreconcilable conflict therein on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying.

The evidence is in material conflict and the testimony of the various witnesses need not be detailed. A material undisputed fact is that there is and has been since before 1929 a well and windmill in the northwest corner of the strip of disputed land that serves the improvements and dwellings of the appellant some distance to the north by a pipeline. It was located there because water was not obtainable anywhere else. It also appears that from the well east the strip was mainly a ridge of blow sand varying in width from a few feet to 40 to 50 feet past the center of the section and that the eastern part of the strip was pasture in which there is an irrigation lateral serving the land of the appellees. The evi-

dence is conflicting as to the use made of the disputed area by the parties and their predecessors. It also conflicts as to the location, purpose, and reason for the location of various posts, fences, trees, and various irrigation devices.

Considering all of the evidence we are of the opinion that until recently when land leveling activities were begun by the parties, the disputed area was of little use or concern to either of the parties and that the trial court did not err in failing to find that appellant had established title to it by proving all the necessary elements of adverse possession.

As to the well in the northwest corner, however, the court should not have quieted title in the appellees Liakos. The evidence is clear and undisputed that appellant and his predecessors have used it and its pipeline openly, exclusively, and continuously since before 1929. The evidence indicated that it was located there by necessity, negating a claim of adverse possession on the part of appellant, instead it indicates the establishment of a prescriptive right.

From what we have already said appellant's claim under section 34-301, R. R. S. 1943, necessarily fails.

The judgment of the trial court is affirmed, except as it quiets title in appellees Liakos to the well and its appurtenances and the pipeline as to which the judgment is reversed and the cause is remanded for further proceedings to determine the prescriptive rights of appellant in the well and pipeline.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.